IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID WAYNE ALBRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:12-CV-922-MEF |
| WALLY OLSON, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

David Wayne Albright ["Albright"], an indigent inmate, initiated the instant 42 U.S.C. § 1983 complaint challenging conditions of confinement during his incarceration at the Dale County Jail. The order of procedure entered in this case specifically directed Albright to immediately inform the court of any change in his address. *October 25, 2012 Order - Doc. No. 5* at 6.

This court recently received information establishing that the plaintiff is no longer at the address he last provided for service. In light of the foregoing, the court entered an order requiring that on or before December 3, 2012 Albright inform the court of his present address. *November 26, 2012 Order - Doc. No. 13* at 1. The order specifically advised Albright that this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in a Recommendation that this case be dismissed. *Id*. The court has received no response from Albright to the

aforementioned order nor has he provided the court with his current address as required by the order of procedure.

As is clear from the foregoing, Albright has failed to comply with the directives of the orders entered by this court and this case cannot properly proceed in his absence. It is likewise clear that Albright is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

It is further

ORDERED that **on or before January 2, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of December, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE